SAMUEL E. KRAMER (SK 6948)
225 Broadway - Suite 3300
New York, New York 10007
(212) 285-2290
*Attorney for Richard E. O'Connell,*
*Chapter 7 Trustee of the Estate of*
 *Mohammed Hassan, etc. a/k/a Mohammed H. Hassan*

*Date and Time of Hearing:*
**January 20, 2015 at 3:00 PM**

UNITED STATES BANKRUPTCY COURT
EASTERN  DISTRICT OF NEW YORK                Chapter 7
-----------------------------------------------------------------X
In re:
MOHAMMED  HASSAN                             Case No.: 12-43627 cec
a/k/a MOHAMMED H. HASSAN,
                                  Debtor
-----------------------------------------------------------------X

## TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION
## "TO RECONSIDER AND VACATE"
## THE ORDER OF OCTOBER 15, 2014
## WHICH APPROVED THE TRUSTEE'S
## APPLICATION PURSUANT TO Fed. R. Bankr. P. 9019(a)

To:     HONORABLE CARLA E. CRAIG,
         CHIEF UNITED STATES BANKRUPTCY JUDGE:

         Richard E. O'Connell (the "Trustee"), Chapter 7 Trustee of the Estate of Mohammed

Hassan a/k/a Mohammed H. Hassan (the "Debtor"), by his counsel, Samuel E. Kramer, Esq., in

opposition to Debtor's Reconsideration Motion "under Federal Rules of Civil Procedure under 59(e)

and 60 as applicable under Fed. R. Bankr. P. 9023 and 9024 relieve the debtor of Order Dated

October 15, 2014" [*sic.*; Notice of Motion]("Debtor's Reconsideration Motion"), respectfully states

as follows:

### PRELIMINARY STATEMENT

1.         The Order of October 15, 2014 (ECF Docket Number.: 70; the "October 15, 2014

Order"): (a.) Granted the Trustee's motion (the "9019 Motion") pursuant to Rule 9019(a) of

-1-

the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr P"), for authorization to settle and compromise his objections to the transfer of the real property of the Debtor, known as and located at 114-20 101st Avenue, Richmond Hill, New York  (the "Premises") on the terms set forth in the "Stipulation Resolving the Trustee's Objections to the Sale of [the Premises] by David Baron, Esq., as Referee, to Yair Kerstein" (the "Stipulation"); and (b.) Denied Debtor's Reconsideration Motion to convert the Case to one under Chapter 13. Debtor's Reconsideration Motion restricts itself to seeking reconsideration and vacatur of that portion of the October 15, 2014 Order which granted the 9019 Motion.

### Debtor's Reconsideration Motion is Procedurally Defective

2.        The Notice of Motion attached to Debtor's Reconsideration Motion states that Debtor "moves ... for relief under Federal Rules of Civil Procedure ["Fed. R. Civ. P."]under 59(e) and 60 as applicable under Fed R. Bankr. 9023 and 9024."

3.        Fed. R. Civ. P. Rule 59(e)  relates to a judgment, not an order, and states only: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment".  Fed. R. Bankr. P.  Rule 9023 also relates to a judgment, not an order, and, for its part, states only: "Except as provided in this rule and Rule 3008, Rule 59 F.R. Civ. P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Thus, Fed. R. Civ. P. Rule 59(e) and  Fed. R. Bankr. P.  Rule 9023 have no applicability to the October 15, 2014 Order.

4.        Fed. R. Civ. P. Rule 60, at Sub ¶ b. sets forth the "Grounds for Relief from a Final Judgment, Order, or Proceeding." and provides that "On motion and just terms, the court

may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain specified "reasons"[1].  Fed. R. Bankr. P. 9024, provides that "F.R. Civ. P. Rule 60 applies in cases under the [Bankruptcy Code] except" for certain circumstances not germane here.  Debtor's Reconsideration Motion makes no effort to specify any of the reasons for relief set forth in Fed. R. Civ. P. Rule 60 as made applicable by Fed. R. Bankr. P.  Rule 9024. Clearly Fed. R. Civ. P. Rule 60, which relates only to a final judgment or order which determines all claims for relief, and, thus, also has no applicability to the October 15, 2014 Order.

### Debtor's Reconsideration Motion Fails Under Local Civil Rule 6.3

5.          To the extent that there exists any procedural basis to seek review of the October 15, 2014 Order, it rests in Eastern District and Southern District Local Civil Rule 6.3, which provides, in relevant part:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum

---

[1] (1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     judgment is void;
(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)    any other reason that justifies relief.

setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

6.        Debtor's Reconsideration Motion should be denied because the Court did not overlook any controlling decisions or factual matters which, had they been considered, might reasonably have been expected to alter the October 15, 2014 Order (*see, Schrader v. CSX Transp., Inc.*, 70 F.2d 255, 257 (2d Cir. 1995).  Moreover, Debtor's Reconsideration Motion fails to identify any "intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice", *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F/2d 1245, 1255 (2d Cir. 1992)(internal quotation marks omitted).    Accordingly, Debtor's Reconsideration Motion fails to meet the requirements of a motion Under Local Civil Rule 6.3 and the October 15, 2014 Order should not be vacated.

7.        A motion for reconsideration is entrusted to the discretion of the Court, *McCarthy v. Manson*, 714 F. 2d 234, 237 (2d Cir. 1983).  Reconsideration is "an extraordinary remedy to be employed sparingly in the interest of finality and conversation of scarce judicial resources", *In re Health Management Services, Inc. Securities Litigation*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

8.        Debtor's Reconsideration Motion fails to identify any arguments, facts or controlling precedents which  were presented to the Court in the determination of the Trustee's motion pursuant to Fed. R. Bankr. P. 9019.    Ultimately, the shortcomings of Debtor's Reconsideration Motion must result in its denial because reconsideration under Local Civil Rule 6.3 is not available merely because the "[moving] party does not like the way the

original motion was resolved." *In re Houbigant, Inc.,* 914 F. Supp. 007, 1001 (S.D.N.Y.

1997).  *See, also, Zdanok v. Glidden Co. Durkee Famous Foods Div.,* 327 F.2d 944, 953 (2d

Cir. 1964) and *Ferrand v. Credit Lyonnais,* 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003).

### The October 15, 2014 Order Rules Correctly

9.        The October 15, 2014 Order provides that "the Trustee established a prime facie

showing of support for the Stipulation and that said Stipulation was in the best interest of

creditors."  Debtor's Reconsideration Motion makes no effort to refute this statement.

Rather, Debtor's Reconsideration Motion avoids any discussion of the basis for compromise

of a controversy pursuant to Fed. R. Bankr. P. 9019, and instead, seeks to engage in a

blunderbuss attack on the wisdom of the  Trustee's determination that, notwithstanding the

Trustee's belief that the Foreclosure Judgment may be subject to attack, and despite the

potential validity of the Trustee's Potential Objections,  it is in the best interests of the Estate

to accept a $45,000.00 settlement (which, it bears repeating, is in the Trustee's possession).

10.        Debtor's Reconsideration Motion seeks to re-litigate arguments made on July 10,

2014, August 7, 2014 and September 14, 2014 regarding the scope of the Stipulation and

whether the Stipulation was in excess of the Court's jurisdiction and authority with respect

to the mortgage on the Premises, particularly in light of the *Rooker Feldman* Doctrine and

considerations of *res judicata* arising out of *Kerstein v. Hassan* (Supreme Court of the State

of New York, County of Queens; Index No.: 20478/2010).  Ample consideration was given

to arguments of the Court's jurisdiction with respect to Mr. Kerstein's mortgage.

11.        Thus, the October 15, 2014 Order provides that "any alleged claim against Kerstein

relating to the Mortgage that might be pursued by the Trustee or abandoned to the debtor is

barred by the doctrines of Rooker-Feldman and res judicata following the entry of a final

Judgment of Foreclosure and Sale in Kerstein v Howard." Yet, despite the Court having given due consideration to these essential points of law as part and parcel of Stipulation (and in response to the arguments raised by Debtor's counsel in oral argument), Debtor's Reconsideration Motion argues that the quoted language in the October 15, 2014 Order was speculation, and "speculating incorrectly" (Debtor's Reconsideration Motion, p. 2).

12.         Debtor's Reconsideration Motion is, plainly, incorrect. The Debtor's opposition to the Stipulation is overcome by the *Rooker-Feldman* doctrine and principles of *res judicata. Rooker-Feldman*, as a jurisdictional matter, "strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions." *Book v. Mortgage Electronic Registration System*, 608 F. Supp.2d 277, 288 (D.Conn. 2009) <u>citing</u> *Hoblock v. Albany County Board of Elections*, 422 F. 2d 77, 84 (2d Cir. 2005).

13.         The *Rooker-Feldman* Doctrine acts as a judicial bar to a collateral attack on a foreclosure judgment, *In re GEL, LLC*, 495 B.R. 240, 247 (E.D.N.Y. Bankr 2012); *see, also, Russo v. GMAC Mortgage LLC.* 549 Fed. Appx. 8 (2d Cir. 2013) and *Rome v. Citibank, N.A.* 32 F. Supp.2d 539 (E.D.N.Y. 1999). It is respectfully submitted that the October 15, 2014 Order specifically references the *Rooker-Feldman* Doctrine because the Stipulation is intended to rely upon the judgment in *Kerstein v. Hassan*, in which Debtor was represented by counsel and had a full and fair opportunity to present his case.

14.         Moreover, even if the *Rooker-Feldman* Doctrine did not bar consideration of matters previously before the State Court in passing on the Stipulation, the doctrine of *res judicata* would "operate to prevent [Debtor] from re-litigating a claim after the claim has already been determined by a court of competent jurisdiction." *Charell v Gonzalez/In re Gonzalez*, 241 B.R. 67, 72 (S.D.N.Y.), *see, also, Brown v. Felsen*, 442 U.S. 127,131 (1979).

15.        Ultimately, Debtor's Reconsideration Motion seeks to undo the judgment of the State

Court in *Kerstein v Hassan*.  This Court has already considered the arguments raised by

Debtor's counsel in his papers and on three separate hearing dates, and has determined that

these arguments have no merit and, in any event, cannot supplant the clear benefit to

creditors afforded by the Stipulation.

        WHEREFORE, Debtor's Reconsideration Motion should be denied in all respects.

Dated: New York, New York
        January 12, 2015

                                **SAMUEL E. KRAMER**
                                *Attorney for Richard E. O'Connell*
                                *Chapter 7 Trustee of Mohammed Hassan*
                                 *a/k/a Mohammed H. Hassan*

                    By:         S/Samuel E. Kramer

                                Samuel E. Kramer, Esq.
                                225 Broadway - Suite 3300
                                New York, New York 10007
                                (212) 285-2290

To:     Karamvir Dahiya, Esq.
        Dahiya Law Offices, LLC
        75 Maiden Lane, Ste. 506
        New York, New York 10038
        *Attorney for Debtor,  Mohammed Hassan*

        Harold M. Somer, Esq.
        Harold M. Somer, PC
        1025 Old Country Road, Ste. 404
        Westbury, New York 11590
        *Attorney for Yair Kerstein*