| | |
|---|---|
| SAMUEL E. KRAMER (SK 6948)<br>225 Broadway - Suite 3300<br>New York, New York 10007<br>(212) 285-2290<br>*Attorney for Richard E. O'Connell,*<br>*Chapter 7 Trustee of the Estate of*<br>*Mohammed Hassan, etc. a/k/a Mohammed H. Hassan* | *Date and Time of Hearing:*<br>**January 20, 2015 at 3:00 PM** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:
MOHAMMED HASSAN
a/k/a MOHAMMED H. HASSAN,
                Debtor
----------------------------------------------------------------X

Chapter 7

Case No.: 12-43627 cec

### TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION
### "TO ABANDON CLAIMS"

To:    HONORABLE CARLA E. CRAIG,
         CHIEF UNITED STATES BANKRUPTCY JUDGE:

        Richard E. O'Connell (the "Trustee"), Chapter 7 Trustee of the Estate of Mohammed Hassan a/k/a Mohammed H. Hassan (the "Debtor"), by his counsel, Samuel E. Kramer, Esq., in opposition to Debtor's Motion "for an Order compelling abandoning of the claims and property of the debtor under 11 U.S.C. § 554" [*sic.*; *see*, Notice of Motion ("Debtor's Abandonment Motion"), respectfully states as follows:

**PRELIMINARY STATEMENT**

1.        Notwithstanding its unbearable incoherence and hyperbole, Debtor's Abandonment Motion fails to specify the claims which Debtor would have the Trustee abandon. The closest thing to the identification of a claim which can be divined from Debtor's Abandonment Motion seems to appear in the first sentence of ¶ 6 of, which states: "Debtor

        request that, power or claims of the debtor which the debtor might have other than pertaining to recordation infirmities be abandoned forthwith. [*sic.*]"

2.         Thus, it appears that Debtor's Abandonment Motion is making reference to Schedule B, ¶ 21, (Docket No. 38), which identifies, as property of the Estate, "Claims against Yair Kerstein under New York Banking Law, HOEPA, TILA, Usury, fraud and others. professional malpractice claims are being looked into and shall be disclosed upon investigation." [*sic.*] (the "Debtor's Alleged Claims"), the value of which is stated to be "Unknown", and which do not appear as Exempt Property in Schedule C.

3.         The Order of October 15, 2014 (ECF Docket Number.: 70; the "October 15, 2014 Order"), *inter alia*, granted the Trustee's motion (the "9019 Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr P"), for authorization to settle and compromise his objections to the transfer of the real property of the Debtor, known as and located at 114-20 101st Avenue, Richmond Hill, New York , on the terms set forth in the "Stipulation Resolving the Trustee's Objections to the Sale of [the Premises] by David Baron, Esq., as Referee, to Yair Kerstein" (the "Stipulation").

4.         Pursuant to the Stipulation, Mr. Kerstein paid to the Trustee the sum of $45,000.00, which is now in the possession of the Trustee. The Stipulation provides, at ¶ 3 thereof, that:

> In the event of the approval of this Stipulation by This Court, the Trustee shall, now and forever, and by the terms of this Stipulation be deemed to consent to the Foreclosure Judgment, Terms of Sale and the Referee's Sale as a good and valid transfer of the Premises, and to waive Trustee's Potential Objections, <u>as well as all other claims of any type, kind or nature which the Trustee might have with respect to the validity of the mortgage, the lien, the Referee's Sale and to the Foreclosure Judgment</u>. [Emphasis added.]

5. Thus, Debtor's Alleged Claims were subject to the Stipulation, and were resolved for $45,000.00. Debtor did all he could to object to the Stipulation and the resolution of Debtor's Alleged Claims thereunder, but the Court ruled against him.

### DEBTOR'S ABANDONMENT MOTION HAS NO MERIT
### AND SHOULD BE DENIED IN ALL RESPECTS

6. Debtor's Motion amounts to a third (or possibly fourth) bite at the apple.

   a. Debtor objected to the 9019 Motion (*see*, Docket No. 39) and argued that Debtor has claims arising under various banking laws which should preclude granting the 9019 Motion, *i.e.,* Debtor's Alleged Claims.

   b. Debtor moved to Convert the Case to one under Chapter 13 (*see*, Docket No. 46; the "Conversion Motion") in order to, *inter alia*, permit Debtor to prosecute Debtor's Alleged Claims.

   c. After three (3) hearings (July 10, 2014, August 7, 2014 and September 14, 2014), and numerous blown-opportunities to submit additional evidence, the 9019 Motion and the Conversion Motion were both denied in the October 15, 2014 Order. By motion returnable simultaneous with Debtor's Abandonment Motion, Debtor is now also moving for reconsideration and vacatur of that portion of the October 15, 2014 Order which granted the 9019 Motion. If Debtor's motion to reconsider is granted, the Stipulation will be undone. Presumably, then, if Debtor's Abandonment Motion is granted, Debtor will seek to prosecute Debtor's Alleged Claims.

7. However, in view of the ample record developed previously (including Debtor's failure to avail himself of the opportunity to present additional evidence) the arguments in

Debtor's Abandonment Motion, *i.e.,* that "Trustee's inaction is a failure of fiduciary duty" (p. 4) and "Trustee violates Fifth Amendment and Taking Clause" (p. 5), are preposterous.

8.  As described in the Trustee's Reply in Further Support of Trustee's Rule 9019 Motion (Docket No. 51), the Trustee made the determination that for $45,000.00 he does not wish to incur the time, expense and litigation risk of pursuing claims regarding Mr. Kerstein's mortgage, <u>or with respect to claims which might be asserted as to issues other than recordation</u>. As explained in the papers filed in support of the 9019 Motion (Docket No. 34), the paramount interest of the creditors favors resolving these claims, including but not limited to potential objections to the adequacy of Mr. Kerstein's mortgage documents.

9.  The Trustee determined, in his best business judgment, that claims of "usury" would be met with a defense that, even taking into account the "points" paid on Mr. Kerstein's mortgage, the interest rate charged is under sixteen (16%) per cent and is, therefore, not usurious (*see*, New York General Obligations Law § 5-501 and New York Banking Law Article 14-A). Similarly, claims brought under the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*) would surely be met with a Statute of Limitations defense, as well as a defense that the basic requirements needed to subject a loan to the Truth in Lending Act are not met[1]. In any event, the Trustee determined that he did not wish to litigate these claims, and would rather accept the $45,000.00. The Court, after notice and after three hearing dates, approved the Trustee's determination to not pursue Debtor's Alleged Claims.

---

[1] Generally, 15 U.S.C. § 1601 applies when: (I) credit is offered or extended to consumers; (II) an offering or extension of credit is done "regularly", which means more than five (5) times for transactions secured by a dwelling per year; (III) credit is subject to a finance charge or is payable by written agreement in more than four installments; and (IV) credit is primarily for personal, family, or household purposes. These conditions are not present here.

10.  Finally, Debtor's Abandonment Motion is illogical because, as part and parcel of the 9019 Motion, the Trustee made a calculation that the value of Debtor's Alleged Claims, when taken with claims relating to the recordation of Mr. Kerstein's mortgage documents, had a value of $45,000.00. Thus, the silence of Debtor's Abandonment Motion to identify any grounds in 11 U.S.C. § 554 (a) which might compel abandonment of the already-resolved Debtor's Alleged Claims ("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.") speaks volumes. Counsel's over-heated rhetoric and his absurd, blunderbuss and tiresome accusations of Constitutional infirmities cannot take the place of cogent statutory analysis, which is wholly absent from Debtor's Abandonment Motion.

WHEREFORE, Debtor's Abandonment Motion should be denied in all respects.

Dated: New York, New York
January 12, 2015

**SAMUEL E. KRAMER**
*Attorney for Richard E. O'Connell*
*Chapter 7 Trustee of Mohammed Hassan*
*a/k/a Mohammed H. Hassan*

By:  *S/Samuel E. Kramer*

Samuel E. Kramer, Esq.
225 Broadway - Suite 3300
New York, New York 10007
(212) 285-2290

To:  Karamvir Dahiya, Esq.
Dahiya Law Offices, LLC
75 Maiden Lane, Ste. 506
New York, New York 10038
*Attorney for Debtor, Mohammed Hassan*

Harold M. Somer, Esq.
Harold M. Somer, PC
1025 Old Country Road, Ste. 404
Westbury, New York 11590
*Attorney for Yair Kerstein*