UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                          Chapter 7

Mohammed Hassan                                             Case No. 12-43627-CEC
*aka* Mohammed H Hassan,

                                         Debtor.
-----------------------------------------------------------------X


DECISION


Appearances:

Karamvir Dahiya                          Samuel E. Kramer
Dahiya Law Offices, LLC                  225 Broadway
75 Maiden Lane, Suite 506                Suite 3300
New York, NY 10038                       New York, NY 10007
*Attorneys for Mohammed Hassan*          *Attorney for Richard E. O'Connell, Trustee*


CARLA E. CRAIG
Chief United States Bankruptcy Judge

This decision resolves the motions of chapter 7 debtor Mohammed Hassan (the "Debtor") to reconsider an order approving a settlement, between the chapter 7 trustee Richard E. O'Connell (the "Trustee") and creditor Yair Kerstein ("Kerstein"), that resolved the estate's claims against Kerstein for $45,000, and to compel the Trustee to abandon those claims back to the Debtor. The Debtor raises various arguments, including that the Court overstepped its authority when it made a finding that the estate's claims were barred by the <u>Rooker-Feldman</u> doctrine and res judicata in approving the settlement, and that the settlement violated the takings clause of the Fifth Amendment. Because the Debtor has not identified an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, his motion to reconsider is denied. Because the Debtor's motion to compel abandonment was mooted when the Trustee settled the estate's claims against the creditor, his motion to compel abandonment is also denied.

## JURISDICTION

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

Kerstein was the second-lien mortgage holder on property owned by the Debtor located at 114-20 101st Avenue, Richmond Hill, New York (the "Property"). According to the Trustee, the mortgage between Kerstein and the Debtor (the "Mortgage") was intended to create a lien against two different properties, the Debtor's personal residence (the "Residence") and a

commercial building owned by the Debtor.  (9019 Motion 3, ECF No. 34-1.)[1]  Mr. Kerstein

commenced an action to foreclose the Mortgage and obtained a judgment of foreclosure and sale,

with respect to the Property, on July 25, 2011 (the "Foreclosure Judgment").  (Foreclosure

Judgment, Case No. 12-48130, ECF No. 11 Ex. C.)  In September 2011, prior to the first

scheduled sale of the Property, the Debtor filed his first bankruptcy case under chapter 13 (Case

No. 11-48063).  The first case was dismissed because the Debtor failed to file all of the

documents required under § 521.[2]  In February 2012 he filed his second chapter 13 case (Case

No. 12-40906), and that case was dismissed for the same reason.

On May 17, 2012, the Debtor filed the chapter 7 case that is the subject of this decision.

The Debtor received a discharge on August 27, 2012; Paul I. Krohn, the chapter 7 trustee at the

time, issued a report of no distribution on September 20, 2012; and the case was closed on

September 21, 2012.  The Debtor then filed two more bankruptcy petitions.  On November 29,

2012, he filed a chapter 13 case (Case No. 12-48130) that was dismissed on March 5, 2013

because the Debtor failed to file all of the documents required under § 521.  Before the fourth

case was dismissed, the Court issued an order, pursuant to § 362(d)(4), lifting the automatic stay

with respect to the Property and providing that the automatic stay would not come into effect

with respect to any filing purporting to affect the Property for a period of two years.

On March 7, 2013, the Debtor filed his fifth bankruptcy petition, a chapter 7 case (Case

No. 13-41288).  As the automatic stay did not come into effect, the Property was sold pursuant to

the Foreclosure Judgment to Lakhyunder Multani at a referee's sale.  (Settlement Agreement 2,

---

[1] Unless otherwise indicated, citations to "ECF No." are to papers filed on the docket of Case Number 12-43627-CEC.

[2] Unless otherwise indicated, "Section" or "§" refers to a section under title 11 of the United States Code (the "Bankruptcy Code").

ECF No. 34-3.)  The fifth case was dismissed on June 21, 2013 for failure to file all of the

documents required under § 521.  The Trustee had initially opposed dismissal, based on his

review of the Foreclosure Judgment and the underlying mortgage documents and his conclusion

that the Mortgage contained hand written notations and additional typed-in text describing the

two encumbered properties which made the Foreclosure Judgment vulnerable to a bona fide

dispute that could bring a recovery to the estate.  Based in part on the Trustee's discovery of

potential assets to administer, the Court reopened the third case on June 20, 2013 so that any

potential recovery could be administered on behalf of the creditors whose debts were discharged.

On June 20, 2013, and the United States Trustee appointed the Trustee as chapter 7 trustee in this

case.

In June 2014, the Trustee filed a motion under Rule 9019 to approve a settlement with

Kerstein (the "Settlement Agreement") that waived the estate's objections to the sale of the

Property and the Foreclosure Judgment, and any other claim that the Trustee might have with

respect to the validity of the Mortgage (the "Kerstein Claims") in return for $45,000 (the "9019

Motion").  (9019 Motion, ECF No. 34-1.)  The Debtor objected to the 9019 Motion and filed a

motion to convert his case to Chapter 13 (the "Conversion Motion").  The Debtor argued, in

substance, that he should be able to challenge the Foreclosure Judgment in state court, and that

the Trustee did not have authority to settle the Kerstein Claims.

On October 15, 2014, over the Debtor's objection, the Court issued an order granting the

9019 Motion and denying the Conversion Motion (the "Order").  The Court found, among other

things, that the Debtor was ineligible to be a debtor under chapter 13 because he failed to

establish that he is an individual with regular income pursuant to §§ 109(g) and 101(30).  (Order

4, ECF No. 70.)  The Court also found that the Trustee established that the Settlement

Agreement was in the best interests of creditors, based in part on the conclusion that "any alleged claim against Kerstein relating to the Mortgage that might be pursued by the Trustee or abandoned to the debtor is barred by the doctrines of <u>Rooker-Feldman</u> and res judicata following the entry of a final Judgment of Foreclosure and Sale" in the state court foreclosure proceeding. (Order 4-5, ECF No. 70.)

On October 27, 2014, the Debtor filed a motion to reconsider the Court's order denying the Conversion Motion and granting the 9019 Motion (the "Motion to Reconsider"), and on November 3, 2014, the Debtor filed a motion to compel the Trustee to abandon the Kerstein Claims back to the Debtor (the "Abandonment Motion").  Both motions were fully briefed, and the Court reserved decision after holding a hearing on January 20, 2015.

## LEGAL STANDARD

Rule 59, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 9023, permits a party to make a motion "to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  Rule 59(e) does not provide specific grounds for amending or reconsidering a judgment.  <u>See</u> Fed. R. Civ. P. 59(e).  The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and citation omitted).  Under the "clear error" standard, relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result."  <u>Corines v. Am. Physicians Ins. Trust</u>, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting <u>Eisemann v. Greene</u>, 204 F.3d 393, 395 n.2 (2d Cir. 2000)).  "[R]econsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). "A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Corines, 769 F. Supp. 2d at 593-94 (quoting In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., Nos. 05 Civ. 3430, 05 Civ. 4759, and 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir.2006)). See also Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (motions made pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"). "The determination of whether a motion for reconsideration should be granted is within the sound discretion of the court." In re Richmond, 516 B.R. 229, 234 (Bankr. E.D.N.Y. 2014).

Under § 554(a), "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate," and under § 554(b), "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554; see also Fed. R. Bankr. P. 6007. "Under either subsection, abandonment is proper only when the party seeking abandonment can establish that the property at issue is burdensome or of inconsequential value and benefit to the estate." In re

<u>Sullivan & Lodge, Inc.</u>, No. C03-00588, 2003 WL 22037724, at *4 (N.D. Cal. Aug. 20, 2003)

(holding that the bankruptcy court improperly ordered a chapter 7 trustee to abandon a potential

tort claim to the debtor's principals, though the trustee had not opposed the abandonment motion,

absent a showing that claim was of inconsequential value to estate).

## DISCUSSION

I.      **The Motion to Reconsider**

The Debtor makes four main arguments in his Motion to Reconsider: first, that the

bankruptcy court overstepped its authority when it made a finding in the Order that the Kerstein

Claims were barred by the <u>Rooker-Feldman</u> doctrine and res judicata; second, that the Order

itself was in violation of <u>Rooker-Feldman</u> because it "decided" the correctness of the State Court

decision; third, that the Trustee did not have standing to settle the Kerstein Claims; and fourth,

that the Order is a denial of the Debtor's constitutional due process.

The Debtor moves under both Rules 59 and 60 to vacate the Order, and the Trustee

argues that Motion to Reconsider is procedurally defective under either rule.  The Trustee argues

that because the text of Rule 59 pertains to a judgment, the Debtor cannot move under Rule 59 to

reconsider the Order.  He also argues that the Motion to Reconsider is procedurally deficient

under Rule 60 because the Debtor states no grounds listed in the text of Rule 60 under which he

is entitled to relief.  Further, the Trustee argues that the Motion to Reconsider fails to identify

any of the issues that are required under E.D.N.Y. Local Rule 6.3, which provides that a motion

to reconsider is required to "[set] forth concisely the matters or controlling decisions which

counsel believes the Court has overlooked."  Finally, the Trustee argues that the Order rules

correctly and that the Debtor is merely trying to re-litigate issues already decided.

"Courts have generally held that, regardless of the title, any motion for reconsideration

filed within the time specified by Rule 59(e) is treated as a motion to alter or amend judgment."

12 Moore's Federal Practice § 59.30 (Matthew Bender 3d ed.).  A motion to reconsider must be filed within 14 days of the entry of the judgment.  Fed. R. Bankr. P. 9023.  Here, the Order was entered on October 15, 2014 and the Motion to Reconsider was filed on October 27, 2014, within the time allowed under Bankruptcy Rule 9023.  So, it will be treated as a motion to alter or amend judgment under Rule 59.  Pursuant to Rule 54(a), made applicable to this matter by Bankruptcy Rule 7054(a), the Order is a "judgment" that may be reconsidered under Rule 59 because it is an "order from which an appeal lies."  Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054. Therefore, the Motion to Reconsider is not procedurally defective under Rule 59, and the Court will make a determination pursuant to the substantive legal standard appropriate for motions under Rule 59(e).  Each of the Debtor's four arguments will be addressed in turn.

The Debtor's first argument is that the bankruptcy court overstepped its authority when it made a finding that the Kerstein Claims were barred by the Rooker-Feldman doctrine and res judicata.  The Debtor argues that the sole issue before the Court was the approval of the 9019 Motion, and that because there was not a "case or controversy" regarding Rooker-Feldman or res judicata, the court should not have made a finding with respect to either.  He argues that the Court was "speculating" and that the Order is an unconstitutional advisory opinion.  (Motion to Reconsider 2, ECF No. 74.)

This argument is without merit.  The Debtor seeks to pursue claims against Kerstein for injuries relating to a mortgage and note that were foreclosed by the state court when it issued the Foreclosure Judgment in 2011.  The Order, by its terms, does not rule on the applicability of Rooker-Feldman or res judicata to the Kerstein Claims.  The Order approves a settlement.  The Court granted the 9019 Motion because the $45,000 settlement between the Trustee and Kerstein was in the "best interests of creditors."  (Order 4, ECF No. 70; Sept. 11, 2014 Tr. 17:19-23, 22:3-

27:4, ECF No. 68).  The Court made its decision based, among other things, on the conclusion that a $45,000 recovery on the claims against Kerstein was substantial considering such claims, if brought in federal or state court, would be barred in any event by res judicata, and if brought in federal court, by the Rooker-Feldman doctrine.  The Order is not an unconstitutional advisory opinion because the case or controversy on which it rules is the 9019 Motion brought by the Trustee.

The Debtor next argues that the Order itself was in violation of Rooker-Feldman because it reviewed the correctness of the State Court decision "by approving a settlement regarding infirmities of mortgage recordation and its attendant foreclosure." (Motion for Reconsideration 6, ECF No. 74.)  "The Rooker-Feldman doctrine is a jurisdictional tenet that 'strips federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.'" In re Merhi, 518 B.R. 705, 712-13 (Bankr. E.D.N.Y. 2014) (quoting Book v. Mortgage Elec. Registration Systems, 608 F. Supp. 2d 277, 288 (D. Conn. 2009)).  "This doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

The Debtor's argument that Rooker-Feldman barred the Court from granting the 9019 Motion must be rejected.  The Court had jurisdiction to approve a settlement between the Trustee and Kerstein of the estate's potential claims.  The 9019 motion brought $45,000 into the estate for administration.  See In re Swift, 519 B.R. 39, 43 (Bankr. E.D.N.Y. 2014) (bankruptcy courts have "related to" subject matter jurisdiction over matters "'if the outcome of the litigation might have any conceivable effect on the bankruptcy estate, or has any significant connection with the

bankrupt estate.'") (quoting In re Allou Distributors Inc., 2012 WL 6012149, at *6 (Bankr.

E.D.N.Y. Dec. 3, 2012)); Baker v. Simpson, 613 F.3d 346, 350-51 (2d Cir. 2010) (bankruptcy

courts have "arising in" subject matter jurisdiction over matters "that 'are not based on any right

expressly created by Title 11, but nevertheless, would have no existence outside of the

bankruptcy.'") (quoting In re Wood, 825 F.2d 90, 97 (5th Cir.1987)); 28 U.S.C. § 157(b)(2)(A)

("Core proceedings include, but are not limited to . . . matters concerning the administration of

the estate").  The Rooker-Feldman doctrine does not bar the Court from making a determination

that a settlement should be approved pursuant to Rule 9019 because, among other things, the

Rooker-Feldman doctrine and res judicata would bar the estate's claims against Kerstein.  Such a

rule — that Rooker-Feldman bars federal courts from considering the applicability of Rooker-

Feldman or res judicata in the context of approving a settlement — would be totally illogical.

The Debtor's contention that Rooker-Feldman prevented the Court from approving the Trustee's

settlement with Kerstein is therefore rejected.

The Debtor's third, equally meritless argument is that the Trustee did not have standing

to settle the claims against Kerstein.  He argues that because the claims against Kerstein were

barred by Rooker-Feldman, the Trustee had no personal stake in the outcome of the controversy,

and therefore the Trustee did not have standing pursuant to Article III of the Constitution.

"Article III § 2 of the Constitution states that the 'power' of the federal courts extends only to

'cases' or 'controversies.'"  In re Virovlyanskiy, No. 13-CV-1511, 2014 WL 1800411, at *3-4

(E.D.N.Y. May 6, 2014).  "Bankruptcy courts are constituted pursuant to Article I . . . [y]et they

are subject to these same constitutional limits, and so the requirement of a justiciable 'case' or

'controversy' applies in the bankruptcy court." Id.  Here, the claims which were the subject of

the Settlement Agreement were property of the estate, which the Trustee is charged to

administer.  The Trustee had standing to seek approval of the settlement with Kerstein because the Trustee, and the estate, had a stake in the outcome.  If the 9019 Motion was approved, the estate would receive $45,000 that the Trustee would administer on behalf of the creditors.  The Debtor's contention that the Trustee had no stake in the outcome of his 9019 Motion is therefore rejected.

The Debtor's fourth argument is that the Order is a denial of his constitutional due process.  The Debtor contends that because <u>Rooker-Feldman</u> was not discussed in the Trustee's moving papers and was not included in the Trustee's proposed order, the court's discussion of <u>Rooker-Feldman</u> in the Order violated his due process.  (Motion to Reconsider 10, ECF No. 74.) This argument must be rejected.  The Debtor ignores the substantial discussion pertaining to the effect that <u>Rooker-Feldman</u> and res judicata would have on the Kerstein Claims at the hearing on the 9019 Motion.  (Sept. 11, 2014 Tr. 28:15-33:21, ECF No. 68.)  The Debtor did not provide any authority to support his position that because the Order entered by the court included language that was not in the proposed order submitted by the Trustee, his due process rights were violated.

In any event, the Debtor has not identified anything recognized as grounds for reconsideration of an order, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  "It is well settled that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced." <u>Richmond</u>, 516 B.R. at 234 (internal citations omitted).  For the reasons stated above, the Motion to Reconsider is denied.

## II.        The Abandonment Motion

In the Abandonment Motion, the Debtor seeks to compel the Trustee to abandon the Kerstein Claims back to the Debtor.  In support of his motion, the Debtor argues that the Trustee violated his fiduciary duty to the Debtor by not abandoning the Kerstein Claims and leaving him without recourse against Kerstein, and that the Settlement Agreement was an unconstitutional taking under the Fifth Amendment.

The Abandonment Motion must be denied because it was mooted when the Court approved the 9019 Motion.  The Trustee has already agreed to waive the Kerstein Claims in return for $45,000 in a settlement that was approved by the Court.  The Trustee cannot be compelled to abandon the Kerstein Claims back to the Debtor, because the Trustee already disposed of the Kerstein Claims under the Settlement Agreement.  In any event, the Debtor's contention that the Settlement Agreement was an unconstitutional taking barred by the Fifth Amendment must be rejected.  The Kerstein Claims, like all of the non-exempt property of the Debtor, became property of the estate when the Debtor filed for bankruptcy.  See 11 U.S.C. § 541.  At that point, the Kerstein Claims were not property of the Debtor, and therefore, when the Trustee settled the Kerstein Claims, there was no taking of any property of the Debtor. Finally, the Debtor has not identified any grounds identified in § 554(b) for why the Court should compel the Trustee to abandon the Kerstein Claims.  See 11 U.S.C. § 554(b) ("the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate").  Even if the Trustee hadn't already disposed of the Kerstein Claims, the fact that he was able to settle them for $45,000 leads to the conclusion that they were not burdensome to the estate nor were they of inconsequential value.

The Debtor also requests that the Trustee be compelled to abandon the Residence back to the Debtor.  (Jan. 20, 2015 Tr., 16:12-17:12, ECF No. 81.)  The Debtor's argument is, in

substance, that the Trustee should be compelled to abandon the Residence back to the Debtor so that the Debtor can exercise his right to "transact with the property." (Abandonment Motion 7, ECF No. 75.)  However, the Debtor has not made a showing that the Residence is burdensome to the estate or of inconsequential value and benefit to the estate.  Therefore, this argument must be rejected.  In any event, to the extent that there is non-exempt equity in the Residence, the Trustee has not sought to administer this asset, and there is no indication on the record that he will do so. Once the Trustee administers the assets of the estate, including the $45,000 from Kerstein, and the case is closed again, then the Residence will be abandoned back to the Debtor.  See 11 U.S.C. §§ 554(c), 350(a).

To the extent that the Debtor argues that the Trustee should be compelled to abandon the estate's claims against Kerstein with respect to the Residence, the motion must also be denied as moot.  The Settlement Agreement releases the estate's "claims of any type, kind or nature which the Trustee might have with respect to the validity of the mortgage." (Settlement Agreement ¶ 3, ECF No. 34-3.)  As discussed above, the Mortgage created a lien on two properties, including the Residence.  Therefore the Trustee has disposed of the estate's claims against Kerstein with respect to the Residence in the Settlement Agreement, and as such cannot be compelled to abandon them.  And even if the Settlement Agreement did not waive the estate's claims with respect to the Residence, the Debtor has not made a showing pursuant to § 554(b) that these claims are burdensome to the estate or of inconsequential value and benefit to the estate.

## <u>CONCLUSION</u>

For the reasons stated above, the Motion to Reconsider is denied and the Abandonment

Motion is denied.  The Court will issue a separate order.



**Dated: Brooklyn, New York**
**March 19, 2015**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**